

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOI MING HA | |
| Plaintiff | Civil No. 97-1706(SEC) |
| v. | Civil Rights |
| MAXIMO BERRIOS NEGRON and LUIS ANDINO | |
| Defendants | |

## JUDGMENT

Perhaps the best way to illustrate why plaintiff's delays in the prosecution of this case have finally exhausted the Court's patience is to set forth the case's procedural history. The complaint was filed on May 6, 1997. **(Docket # 1)**. Summonses for Police of Puerto Rico Officers Máximo Berríos Negrón and Luis Andino were issued that same day. On June 17, 1997, plaintiff informed that he had been unable to effect process because one of the defendants was no longer employed at the Police of Puerto Rico, and the other was on sick leave. He requested an order from the Court instructing the Office of Personnel of the Puerto Rico Police Department to provide plaintiff's attorney with defendants' home addresses. **(Docket # 2)**. On July 14, 1997, the Court granted plaintiff's request. **(Docket # 3)**. By October 7, 1997, however, service had not yet been effected. Accordingly, the Court ordered plaintiff to show cause why the case should not be dismissed for want of prosecution. **(Docket # 4)**. On October 14, 1997, plaintiff informed that the Office of Personnel of the Puerto Rico Police Department had failed to provide him with defendants' home addresses as requested, and asked for an additional ten days to obtain defendants' addresses and effect service. **(Docket # 5)**. The Court granted plaintiff a final extension of twenty days to so.



AO 72A
(Rev. 8/82)

(**Docket # 6**). On November 24, 1997, plaintiff filed the returned executed summons for defendant Máximo Berríos Negrón. (**Docket # 7**).

On November 25, 1997, the Office of Personnel of the Puerto Rico Police Department appeared to inform that co-defendant Berríos Negrón's address had been provided, and that it did not have Co-defendant Andino's address because Andino was "in the US Army." (**Docket # 8**). In response to this informative motion, plaintiff requested an order from the Court instructing the Office of Personnel of the Puerto Rico Police Department to provide co-defendant Andino's last known address. (**Docket # 11**). This request was also granted. (**Docket # 13**). However, on April 20, 1998, plaintiff informed that the Office of Personnel had not provided the requested information and prayed for yet another order of the Court to aid him in this matter. (**Docket # 14**).

Moreover, when the Court ordered Berríos Negrón to show cause why default should not be entered against him for failure to answer the complaint (**Docket # 9**), plaintiff appeared to inform that service upon Berríos Negrón had been improperly effected, and consequently sought authorization for the issuance of a new summons. (**Docket # 10**). The Court granted this request (**Docket # 13**), and the new summons was issued on February 9, 1998. On May 4, 1998, however, plaintiff appeared to inform that he had been unable to effect service and again sought an order instructing the Office of Personnel of the Puerto Rico Police Department to provide defendant Berríos Negrón's home address. (**Docket # 15**).

On May 15, 1998, the Court dismissed the case for lack of prosecution (**Docket # 16**), although it subsequently reconsidered its decision giving plaintiff yet another opportunity to serve process. (**Docket # 17, Margin Order**). Plaintiff, of course, did not take advantage of this opportunity and the Court was again forced to order him to show cause why the case should not be

**Civil No. 97-1706(SEC)**                                                                                                                  3

dismissed. **(Docket # 18)**. On December 8, 1998, plaintiff informed that service upon co-defendant Andino had been impossible because the Puerto Rico Police Department had not provided his last-known address. **(Docket # 19)**. Nothing was said regarding service of process upon defendant Berríos Negrón. On January 20, 1999, in a final effort to assist plaintiff, the Court issued an order directing the Office of Personnel of the Puerto Rico Police Department to provide plaintiff with co-defendant Andino's last-known address. **(Docket # 20)**.

By November 24, 1999, service had not yet been effected. The Court thus ordered plaintiff to show cause why this action should not be dismissed for lack of prosecution. **(Docket # 21)**. In its belated appearance presently before the Court, plaintiff's counsel avers that service upon defendant Berríos Negrón has not been possible, since the office to where he is currently assigned has "refused to provide the process server with Mr. Berríos' address or whereabout[s]." **(Docket # 22)**. Regarding co-defendant Andino, plaintiff avers that he is in "the selective service," and left "no address where he may be personally served." **(Id.)**. It should be noted that plaintiff has never moved this Court for leave to serve defendants by publication.

In light of the above-stated facts, we must heed the Supreme Court's declaration that "[c]ourts are vested with an inherent power to control and manage their own affairs so as to achieve early and expeditious disposition of cases." Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962). Plaintiff's extremely protracted inaction in the prosecution of this case (the complaint was filed more than two years ago without service having yet been effected), leaves the Court with no other alternative than dismissal. "[I]n a period of overloaded dockets, prejudice to the court is inherent in needless delays and postponements." Chuang Investments v. Eagle Inns, Inc., 81 F.3d 13, 14 (1st Cir. 1996). Accordingly, plaintiff's complaint is hereby **DISMISSED** without prejudice

AO 72A
(Rev. 8/82)

**Civil No. 97-1706(SEC)**                                                                                              4

pursuant to Fed. R. Civ. P. 41(b). Judgment is hereby entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this **22** day of December, 1999.

SALVADOR E. CASELLAS
United States District Judge